UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LADONNA DAWSON                                                                                Plaintiff

v.                                                                      Civil Action No. 3:24-CV-313-RGJ

GENERAL ELECTRIC HAIRE                                                                     Defendants
COMPANY, *et al.*

\* \* \* \* \*

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Ladonna Dawson's *pro se* civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss this action.

### I.

In the complaint, Plaintiff sues General Electric Haire Company, IUE-CWA Local Union, and Chris Schaefer, an employee of General Electric Haire Company. [DE 1]. Plaintiff states that the basis for jurisdiction is federal question and that she brings her claims under "FLRA & 83." [*Id.* at 4]. With respect to these Defendants, under the statement of claims section of the Court-approved civil complaint form, Plaintiff alleges that Chris Shaefer "opened a bank account in my name" and in connection with General Electric Haire Company she alleges "depression, losing my car almost my home." [*Id.* at 5]. Under the relief section, Plaintiff states:

> For going 3 weeks without pay, being terminated, working OT not getting OT pay. Being physically touched, bank account forced opened, Union for not representing me loss of my car, stress, depression, financial hardship.

[*Id.* at 6].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e)(2)(B). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest

arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A.  42 U.S.C. § 1983

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, none of the Defendants are state actors. *See Johnson v. Wells Fargo Bank, N.A.*, No. 1:23-CV-10883 (GHW) (JLC), 2024 WL 3187116, at *5 (S.D.N.Y. June 26, 2024); *Ruales v. Spencer Sav. Bank*, No. CV189192KMMAH, 2019 WL 140794, at *4 (D.N.J. Jan. 9, 2019). The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Therefore, Plaintiff has failed to state a claim under § 1983.

#### B.  Fair Labor Standards Act

Plaintiff cites "FLRA," but the Court can discern no such statute. Plaintiff's reference to "FLRA" and overtime suggests she may be asserting a claim for overtime pay. The Fair Labor Standards Act, 29 U.S.C. § 203, *et seq.*, ("FLSA"), "requires employers to pay a minimum wage

and overtime to certain employees . . ." *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 830 (6th Cir. 2019); *see also Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012). However, if Plaintiff is alleging a claim for overtime pay under the FLSA, she fails to state a claim because she fails to include any supporting facts, such as the dates of her employment, whether she actually worked more than 40 hours per week, the number of uncompensated overtime hours, when she worked such overtime hours, or that her employer knew she worked overtime hours. *See Brown v. Wieder*, No. 1:24-CV-416, 2024 WL 3877536, at *3 (S.D. Ohio Aug. 20, 2024). Instead, Plaintiff's vague allegations simply suggest that at some unknown date and unknown time she did not receive overtime pay. Plaintiff's conclusory allegations lack any factual details that would give Defendants fair notice of her claim. *See id.* Thus, Plaintiff has failed to state a claim under the FLSA.

Additionally, "only 'employers' are subject to suits for FLSA violations." *Estes v. Iron Workers Dist. Council of So. Ohio & Vicinity*, No. 1:16-CV-251, 2016 WL 7664346, at *3 (S.D. Ohio Nov. 4, 2016) (citing 29 U.S.C. § 216(b)). As such, neither the Union nor Schaefer are proper defendants under the FLSA.

### C. Other Allegations

The remainder of the allegations or statements in Plaintiff's complaint do not adequately allege a separate cause of action. As discussed above, it is not the Court's responsibility to create a claim for a plaintiff. *Clark*, 518 F.2d at 1169.

For these reasons, the Court will dismiss this case by separate Order.

Date: September 25, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
A961.014